In 2008, Judge Jackson explained to Mr. Harris that Congress had determined his offense and his criminal record in the 60 grams of crack he had mandated a minimum 20-year term. She said, that is not my determination, that's Congress's. We have to accept that. In 2010 and 2018, Congress determined that mandatory minimums under the 1986 Anti-Drug Abuse Act, like that 20-year term, were grossly excessive in punishing low-level crack dealers like background. Let's get to the issue. Oh, yes. Well, the issue, I'm sorry, Your Honor, is that the issue we raise is that the district court committed an abuse of discretion in basing his building, its choice of a reduced sentence on clearly erroneous factual determinations and in an erroneous view of the law, which was the Congress's determination in 2010 and 2018 that that 20-year mandatory minimum Judge Jackson was forced to impose was excessive. Also, in failing to grant any consideration to the 2019 guidelines calculation, that that 20-year mandatory was actually 9 to 10 years higher than the latest and best evidence and study of the Sentencing Commission. Those things constitute and satisfy the abuse of discretion standard. Well, not if the Fifth Circuit is correct in applying Dillon to the Fair Sentencing Act. Yes, and the Fifth Circuit's analysis fails to address the fact that Congress specifically omitted language limiting consideration. Yes? But they didn't disregard that. You can't prevail if 3582 is the governing statute, right? You've got to have this under 3582C1B. C1B we also prevail under because that doesn't add... You don't prevail under 3582C2. No, we don't because the limits in 3582C2 were not written... But here's the first, you know, 3582C1 says the court may not modify a term of imprisonment. Your entire argument is built upon the difference between imposed and modified. And as the Supreme in all of 3582C. So why isn't that controlling? It's not controlling because the 3582C1B essentially adopts the statute under which it's all the other statutes that aren't specifically in 3582C. Section 404B of the First Step Act, which has not yet been codified, does not include the language that the 3582C2 incorporates to, which would, if it was there, would command, apply to Sections 2 and 3 of the 2010 Act and leave all other aspects... Because it's addressing a statutory change, not a guidelines change. I'm sorry? It's, this First Step Act addresses a statutory change, not a guidelines change. Absolutely. But they both, both the statute in Dillon and the First Step Act have a two-step process. Eligibility, and do you fall within the limited circumstances? Well, but as the... The analysis called for by the First Step Act is the same as the Supreme Court applied in Dillon in language far broader than where you would like it to be restrained, restricted. I respectfully disagree, Judge, for the reasoning in the Sixth Circuit used in Bemis and also that the Fourth Circuit used in Worzing. They were eligibility cases. Well, but this essentially becomes an eligibility question if it's eliminating a whole class of people that the 404B doesn't purport to limit. You also rely on criminal Rule 43, which is expressly addressed in Dillon. Yes, that's correct. Well, we don't claim that this is a plenary... You argue we have to remand because we've got to have the defendant present. Because Rule 43, it's a complete resentencing. I did not. I don't recall arguing that in this brief. Well, I'm not going to go there. Yeah, no. Boy, I did not mean to argue that. I don't remember arguing anything like that. Rule 43, here the Supreme Court says, the understanding of 3582C2 as a narrow exception to the rule of finality finds further support in criminal Rule 43, which requires a defendant be present at sentencing, but it excludes from the requirement proceedings that involve the correction or reduction of sentence under Rule 35 or 18 U.S.C. 3582C, the entire statute, the entire substatute. So Dillon addresses this. Dillon predated this statute entirely. It does not address what Congress intended to do in the First Step Act. Congress drafted 404B to comply with the savings statute that was at issue in Dorsey, which says before that a statute that seeks to release or extinguish a penalty incurred under a prior statute must do so entirely. It's entirely inconsistent with Congress's effort, I mean, to take the interpretation of express backdating of sentencing provisions on which Hegwood depends. That would preclude consideration of the emergency sentencing guidelines ordered in Section 8. That was clearly not Congress's intent in the First Step Act. What do you mean clearly? Excuse me? How can you? I mean, there's the word clearly again. Lawyers throw around clearly like it's on a tree. I apologize. I would like to say plainly. No, it's not plain either. Well. The complete resentencing is disfavored by Congress, the executive branch, and the courts. And this is not a complete resentencing. Basically a presumption against it. The parties are in agreement this is not a complete resentencing. That's what you've asked for. No. You said we've got to have a proceeding at which Rule 43 applies. I don't have my brief here. I don't remember citing Rule 43B as the basis for a complete resentencing. You remember citing it? No, I don't. Because my argument is that it should, that this is a. . . Perhaps, yes. Because I really don't think that came from me, Your Honor. Okay. We're claiming that the judge based his choice on a mistaken reading of the facts and the law, saying that there's no evidence that the 20-year mandatory minimum Judge Jackson imposed was excessive when Congress has twice said this is excessive and the guidelines, and the guideline range also indicates that it's excessive. The district court was clearly aware, though, that the mandatory minimum had been reduced to 10 years, right? He knew that, yes, yes. He knew that, but he didn't take into account the 2019 guideline range, which indicates that his starting point of 20 years was, in the best view of the current sentencing commission guidelines, 9 to 10 years too high. Our primary claim in Point 1 is that the judge relied on a mistake of fact and of law. I could be wrong, but I thought you more or less conceded that the guideline range remained 360 to life. No, we did not. We didn't. The judge never, in fact, adopted a guideline range under the First Step Act. He doesn't have to. He can compare both guidelines. He, I think, respected Judge Jackson's express determination in 2008 that the career offender guideline range was 10 years greater than necessary even then. He tied his slight reduction to the 20-year mandatory minimum. What was Mr. Harris' argument in the district court regarding the range that should be applied? Well, he said, Judge, I'd like you to consider that he's not a career offender under the current guideline range, and the range now would be this, and we'd like a reduction in light of that fact. And his post-sentencing. What was the this? The guideline's calculation. It wasn't 360 to life. What was it? Something else to life.  That was our argument. And the judge and Hegwood would wrongly preclude consideration of a relevant 3553A factors, which after Williams is in itself an abuse of discretion. Why would he no longer be a career offender? Because he had only two qualifiers. One was first, excuse me, stealing from a person, which is not included in the 2019 guidelines, which was rewritten based on the research of the commission, and the expanded enumerated list is not included. If an opportunity arises, I would like a little rebuttal. Thank you, Your Honor. Thank you, Mr. Hemingway. Ms. Becker. May it please the court. My name is Tiffany Becker, and I represent the United States in this first step action. The court correctly identified that this defendant did receive a reduction, so the eligibility question is off the table. I think the cases upon which the defendant primarily relies relate to the fact that the defendant's guideline range here did not change. If the court examines the probation's report regarding eligibility, the defendant remains a career offender here, because the guideline range, even the career offender guideline range, does not change. The defendant here, we filed an 851 enhancement, thus the statutory maximum was life. Even after the reduction under the Fair Sentencing Act, even after the application of that under the First Step Act, the statutory maximum remained life because of the defendant's prior. Even though he went from being an 841B1A defendant to an 841B1B, by way of the 851 enhancement, the mandatory maximum is life, and therefore the guideline range, because he was also a career offender, does not change, and it remains 37. Scalia's argument that one of the predicate offenses should drop off under the new guidelines. It is the government's position that the First Step Act does not allow reconsideration of those portions of the guidelines. Well, that's the question. Exactly. All your entire preamble ignores the issue before us. Well, first of all, I think that I mean, you said his guidelines, his range doesn't change, his max doesn't change, but it does if he's not a career, if he's sentenced as not a career offender. And I would argue that that was not raised in the defendant's opening brief, and therefore it's forfeited. And I believe if the Court examines closely the transcript of the hearing, they did not indicate that the Court should, they indicated that the Court should consider that only in terms of 3553A factors, not that the guideline range had in fact changed. So I think that's forfeited. I think in terms of it's not in the opening brief, and it should not be considered, the Court found that the guideline range did not change, but that he could consider that that prior conviction was no longer a predicate under today's guidelines, but those portions of the Well, it would greatly help us if you'd argue the merits of what you claim is forfeited, because we have a lot of cases raising that issue. This is the first one, including the one earlier this week. Right, and the one just this morning I saw. And in terms, we couldn't argue what was, we did argue what was forfeited, and quoted that extensively in the Statement of Facts, where the defense counsel indicated, yes, that's a guideline range, but we would like the Court to consider I think you argued Hedgewood in your brief. I did also, Your Honor. I'm suggesting that it might be useful if you followed up on that. I absolutely will. And in terms of Hedgewood, it correctly, this Court correctly indicated, Judge Loken, that 3582c1b restricts what it modifies. It doesn't reimpose a sentence. It's not a full resentencing. And under the First Step Act, the only things that can be reconsidered are not guideline determinations, not other extraneous things, but simply the statutory penalty change. What about the word imposed? That's what you're... We're restricted to modifying. Under 3582c1b. But the First Step Act says imposed. But under... And it doesn't refer to 3582c at all, does it? It does not. So maybe it's a freestanding resentencing. Resentencing statute. That would be within Congress's power. It's not. And this Court has already... It's not what they did or it's not within their power? It's not what they did. Well, how do we know that? That's what you've got to persuade us. This Court has already decided in Williams that a defendant need not be present for a resentencing hearing. So in the event that it was a full resentencing, the defendant would have a right to be present. So that precludes that. Wait a minute. That depends on Rule 43, which Dillon says wouldn't apply. For a complete resentencing. Here, we're not... Here, the change in the guideline that had occurred in the definition of crime of violence... There's a lot of gray in the world, and we deal with it all the time. And you're painting the world as either black or white. I think even... of exception to the normal finality of sentencing. Respectfully, it could, but it did not here. Here, the only change to the guideline, the career offender designation, is not an amendment that is retroactive. So therefore, the defendant doesn't benefit from it. It's not listed in 1B1.11. The change to the definition of crime of violence... No defendants received a retroactive benefit for that under Beckles. So that is not one of the things that is mandated to be reconsidered under the First Step Act. So no court has... Many courts, as have been cited in our brief, as well as our Rule 28J letter, have found that you cannot reconsider that career offender designation. Now, the government didn't take the position that the court couldn't consider that today's guideline ranges are different, and therefore, under the 3553A factors, it could go all the way down to 120 months, if it so chose. But I think this argument of tethering the sentence to 20 years is completely incorrect. What the judge was analyzing is, the guideline range was 360 to life. And under the new consideration, still 360 to life. So this 20 year is already 10 years below the guideline range. So when the judge was exercising his discretion to determine whether or not to go further down, whether to go all the way to 120 months, as the defendant had requested, he had to consider that the guideline range was 360 months to life. And were this defendant not a beneficiary of first sentence, first step act reduction, he wouldn't be entitled to relief at all due to his career offender status. Other defendants did not receive that benefit because that change to the definition of crime of violence was not retroactive. So the judge is looking at Mr. Harris as an individual who, but for the change in the statutory penalties. Did the judge have discretion to do what Mr. Harris argues he should have done? Yes, he did. Which is to say that, well, yes, the range may still be 360 to life, but if I were authorized to do a complete resentencing, it would be X. And taking that into account, when I get to my 3553A task, I'm going to take that into account when I get to 3553A. Absolutely, and the government never contested that, Your Honor. Well, but he didn't say that's what he did. He didn't say he did not consider that. Okay. And he also made a painstaking review of that record. Judge Ross was not the district judge in front of which the case was tried. He read the trial transcript. He read the sentencing transcript. He read the PSR. Every document in the record. And he demonstrated just a complete understanding of the case. And that's why this sentence is not substantively unreasonable. He relied on some findings Judge Jackson had made that this defendant had manipulated the judicial system, that he had committed perjury, that he, while stealing from a person, is no longer, under today's guideline, classified as a crime of violence categorically, it is unquestionable that this particular stealing from a person that Mr. Harris committed was a violent felony or a violent crime in that he held an object to an individual's head and threatened to kill him if he didn't give over whatever he was robbing him of. So that he was a violent, that was a violent instance, and that's relevant to his history and characteristics under 3553 as well. So in addition, his history also reveals 89 conduct violations while imprisoned in the state system as well as the fact that he had numerous violations while imprisoned. So under this scheme, the sentence was clearly not substantively unreasonable. And for those reasons, we would ask the court to find that there was no procedural or substantively unreasonable sentence here and affirm Judge Ross's decision. Thank you, Ms. Becker. Mr. Hemingway, we'll give you a minute to respond to what's been argued. Very quickly, on the question of preservation, the Burrell decision, which is cited in the standard review of our opening brief, indicates why the state's claim of not being preserved is inaccurate. There's no reference to Rule 43B or asking for a full plenary sentence with the defendant present in my brief that I can find. The tethering, the reason that the record does show the judge lied on the 20 is that he referred to his reduction as slight. If he had applied or adopted the career offender guideline, which he never did, it would be 12 years below the floor. That's not what a judge would call a slight reduction. It's slight in going from 20 years to 18 years. That's proof. How is the argument he had to take into account the new guideline range? Or I thought your argument was he should have. He relied on inaccurate facts and saying nothing in the record said that 20-year mandatory minimum was excessive when two acts of Congress had and the current guideline range, which is a relevant consideration. I would construe him to be talking about at the time of original sentencing. I'm sorry? I would take him as referring to the time of original sentencing. No. You want to insert a bunch of words in there to make it an erroneous comment. I'm going by the words he selected. He said there was nothing in evidence and we had produced the current guideline calculation of 120. That's not evidence. That's a legal change. It wasn't a finding of fact. Well, in terms, it's a relevant consideration for the judge's selection under 3553-84. You just said he based his decision on erroneous findings of fact. An erroneous assessment of the record in front of him, which included both acts. Now it's an erroneous interpretation of the law. That's a completely different issue. I appreciate your generosity and thank you for hearing me. Thank you, Mr. Hemingway. Thank you also.